# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TYRONE ELLIS**  **PLAINTIFF**
ADC #149250

V.  NO. 4:24-cv-00182-LPR-ERE

**KENYON RANDLE and**
**DOES**  **DEFENDANTS**

## ORDER

### I.   Background:

On February 28, 2024, *pro se* plaintiff Tyrone Ellis filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Because Mr. Ellis is considered a three striker for purposes of 28 U.S.C. § 1915(g), he was not allowed to proceed in forma pauperis. *Doc. 3*. Mr. Ellis has now paid the statutory filing fee. *Doc. 5*.

Mr. Ellis' original complaint alleges that while he was assigned to restrictive housing in the East Arkansas Regional Unit of the ADC from March 31, 2022, until April 11, 2022: (1) he did not have a concrete slab table on which to put his meal tray and cup; (2) ADC officials denied him a suicide blanket while he was on behavior control; (3) ADC officials only provided him a suicide gown to wear while he was on behavior control; and (4) he was forced to sleep on the concrete floor while he was on behavior control.

As explained below, in its current form, it is unclear whether Mr. Ellis' complaint states a plausible constitutional claim that would survive screening. Accordingly, the Court will postpone the screening process[1] to give Mr. Ellis the opportunity to file an amended complaint clarifying his constitutional claims and correcting the deficiencies in his current complaint.

## II. Deficiencies in Complaint:

### A. Signature

Mr. Ellis failed to sign his complaint as required by this Court's Local Rules. See Local Rule 5.5(c) (2) ("A party appearing for himself/herself [*pro se*] shall sign his/her pleadings . . .").

### B. Conditions of Confinement Claim

To move forward on an inhumane conditions of confinement claim, Mr. Ellis must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The

---

[1] Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Based on Mr. Ellis' allegations, it is unclear what bedding ADC officials provided him while he was housed in restrictive housing. Although Mr. Ellis claims that he was denied a suicide blanket and was forced to sleep on the floor, it is unclear whether ADC officials provided Mr. Ellis any type of mattress or other blanket during the 12 days that he was assigned to restrictive housing. Furthermore, it is unclear whether Mr. Ellis suffered any injury as a result of his alleged unconstitutional conditions of confinement.

For these reasons, it is unclear whether Mr. Ellis has stated a plausible constitutional claim for relief. See *Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (unpublished opinion) (six nights sleeping on the floor and being sprinkled with urine was not a constitutional violation); and *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies was not a constitutional violation).

**III.     Guidelines for Filing Amended Complaint:**

Mr. Ellis has thirty days to file an amended complaint. If Mr. Ellis files an amended complaint, he should: (1) sign his complaint; (2) state what type of bedding, if any, ADC officials provided him while he was assigned to restrictive housing; (3) state whether he sustained any injury as a result of the conditions of his confinement; and (4) identify and name as Defendants those individuals who were responsible for the conditions of his confinement while he was assigned to restrictive housing.

Mr. Ellis' amended complaint, if filed, will supersede or replace the current complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect). So, Mr. Ellis should make sure that his amended complaint includes all allegations relevant to the claim(s) he wants to pursue in this lawsuit.

Finally, in his amended complaint, Mr. Ellis need only include a "short and plain statement" showing that he is entitled to relief, with factual allegations that are "simple, concise, and direct." FED. R. CIV. P. 8(a)(1) & (d). At this stage, there is no need to identify witnesses or to describe evidence that he may rely on later to prove his claim.

**4.** **Conclusion:**

For the reasons explained above,

IT IS THEREFORE ORDERED THAT:

1. Mr. Ellis may file a signed, amended complaint within thirty (30) days of the entry of this Order.

2. If Mr. Ellis fails to file an amended complaint, the Court will screen the original complaint, which could result in the dismissal of this case.

3. The Clerk is instructed to provide Mr. Ellis a blank 42 U.S.C. § 1983 complaint form, along with a copy of this Order.

So Ordered 25 March 2024.

_____
UNITED STATES MAGISTRATE JUDGE